IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE B. ORTIZ,

      Plaintiff,                     No. CIV S-10-1380 EFB P

    vs.

J. REYNOLDS, et al.,

      Defendants.             <u>ORDER</u>

                             /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff seeks leave to amend his complaint. Dckt. No. 19. Defendant seeks dismissal of the complaint, opposes amendment, and moves the court to strike the amended complaint filed by plaintiff. Dckt. Nos. 16, 20, 22. For the reasons that follow, the court will deny defendant's motion to strike and grant plaintiff leave to amend. Dckt. No. 21. The court will further accept plaintiff's amended complaint. The court will deny defendant's motion to dismiss without prejudice to its renewal directed to the now operative complaint or to defendant filing another motion to dismiss on other grounds.

**I.    Background**

       Plaintiff filed this action on June 4, 2010, alleging claims against numerous defendants. Dckt. No. 1. On October 1, 2010, the court found service appropriate for defendant Miranda.

1

Dckt. No. 5. (The remaining defendants were dismissed following plaintiff's election not to file an amended complaint attempting to state cognizable claims against them. Dckt. No. 12.) Plaintiff alleged that defendant Miranda unconstitutionally interfered with his receipt of necessary pain medication. Dckt. No. 1 at 3-4.

On March 14, 2011, defendant Miranda responded to the complaint by filing a motion to dismiss. Dckt. No. 16. The motion argues that, because plaintiff's complaint seeks only injunctive relief against defendant Miranda, his claims are encompassed within an ongoing class action, *Plata v. Schwarzenegger*, No. C-01-1351 THE (N.D. Cal. 2001). The motion further argues that defendant Miranda lacks the power to issue the requested injunctive relief.

Rather than filing an opposition to the motion to dismiss, plaintiff filed a motion for leave to file an amended complaint on May 2, 2011. Dckt. No. 19. He did not file the amended complaint itself, however, until May 16, 2011. Dckt. No. 21.

**II.     Analysis**

Because plaintiff filed his amended complaint beyond the 21-day window provided by Federal Rule of Civil Procedure 15(a)(1) for amendment as a matter of course, he may not amend the complaint without defendant Miranda's consent or the court's leave. Fed. R. Civ. P. 15(a). Defendant Miranda has not consented. However, "[t]he court should freely give leave when justice so requires." *Id.* R. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)*; Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in

the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Defendant argues that plaintiff should not be given leave to amend because he alleges "new theories" – i.e., he now seeks money damages in addition to injunctive relief. Defendant also argues that plaintiff alleges new facts that have arisen since the first complaint was filed and which have thus not been exhausted. However, having reviewed the amended complaint, the court finds that plaintiff's claim for damages does not appreciably change the scope of this case. Plaintiff's legal claims have not changed – he continues to allege that defendant Miranda acted in various ways to deny plaintiff access to necessary pain medication between 2008 and March 18, 2010. *Compare* Dckt. No. 1 at 3-4 *with* Dckt. No. 21 at 3-9. While plaintiff alleges that defendant's misconduct continues "to present," Dckt. No. 21 at 8-9, it does not appear that plaintiff challenges any conduct that occurred after this case was filed, as all instances of alleged misconduct specified in the amended complaint occurred in March 2010 or earlier. As it does not appear from the face of the amended complaint that plaintiff's claims are unexhausted and defendant bears the burden of establishing failure to exhaust, the court will not deny leave to amend simply based on defendant's speculation that the complaint may encompass an unexhausted claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007). Should it become clear at a later point in this action that plaintiff raises claims that have not been properly exhausted, defendant may seek dismissal on that ground at that time.

Turning to the factors relevant in considering whether to grant leave to amend, the court finds no indication that plaintiff has acted in bad faith in seeking to amend. Rather, it appears that plaintiff, having been made aware of a defect in the original complaint (failure to seek money damages), now seeks to remedy that defect. He has done so without unreasonable delay. Further, the amendment may save his case from outright dismissal and is thus not futile. Finally, defendant has not articulated any way in which he will be prejudiced by the amendment.

////

Accordingly, the court will grant plaintiff leave to amend, accept the amended complaint filed on May 16, 2011, and deny defendant's motion to strike the same.

Pursuant to 28 U.S.C. § 1915A, the court shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). The court finds that, for the limited purposes of § 1915A screening, the amended complaint states cognizable claims for relief against defendant Miranda.

Defendant Miranda's pending motion to dismiss this action is premised entirely on the fact that the initial complaint sought only injunctive relief and contained no claim for money damages. As that is no longer the case, the court will deny the motion to dismiss. However, the denial of the motion is without prejudice to defendant filing a renewed motion to dismiss the claims for injunctive relief on the same grounds presented in the instant motion or seeking to dismiss plaintiff's claims on other grounds.

**III.    Order**

For the foregoing reasons, it is hereby ORDERED that:

1. Defendant's March 14, 2011 motion to dismiss, Dckt. No. 16, is denied without prejudice;

2. Plaintiff's May 2, 2011 motion for leave to file an amended complaint, Dckt. No. 19, is granted;

3. Defendant's June 6, 2011 motion to strike the amended complaint, Dckt. No. 22, is denied; and

////

////

4. Defendant shall respond to the amended complaint within 14 days of service of this order.

DATED: August 23, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE