IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE B. ORTIZ, | | |
| | Plaintiff, | No. 2:10-cv-1380 MCE EFB P |
| vs. | | |
| J. REYNOLDS, et al., | | ORDER AND |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| | / | |

Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Pending before the court is the September 6, 2011 motion to dismiss filed by the sole remaining defendant, R. Miranda. Also pending before the court is defendant's motion to strike plaintiff's sur-reply to the motion to dismiss. For the reasons explained below, the undersigned recommends that both motions be granted.

**I.   Background**

This action proceeds on the amended complaint filed on May 16, 2011. Dckt. No. 21. In the amended complaint, plaintiff asserts that defendant denied him adequate medical care in a variety of ways. *Id.* at 3-9. Plaintiff alleges, among other things, that defendant is a physician's assistant who is responsible for all inmate medical care at High Desert State Prison ("HDSP") Facility B, where plaintiff is housed. *Id.* at 2. According to the complaint, defendant has

1

interfered with plaintiff's receipt of necessary pain medication and medical testing. *Id.* at 3-9. Plaintiff further alleges that defendant has taken various adverse actions with regard to plaintiff's medical care because of plaintiff's complaints about the care he was receiving. *Id.* at 9. Among other relief, plaintiff seeks "injunctive relief in the form of proper medical diagnostic testing and treatment[.]" *Id.* at 12. Defendant's motion to dismiss concerns solely plaintiff's injunctive relief claim.

## II.    Motion to Strike

Plaintiff has filed a surreply to defendant's reply brief. Defendant moves to strike the sur-reply as unauthorized. As a surreply is not contemplated by the Federal Rules of Civil Procedure nor this court's Local Rules. Accordingly, the motion to strike should be granted and the surreply has not considered.

## III.   Rule 12(b)(6) Standard

In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964, 1969, 1974 (2007) (stating that the 12(b)(6) standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims that would entitle him to relief "has been questioned, criticized, and explained away long enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard"). Thus, the grounds must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action. *Id.* at 1965. Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citation omitted). Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

////

The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v. Flynn*, 744 F.2d 694, 696 (9th Cir. 1984). The court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). General allegations are presumed to include specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

The court may disregard allegations contradicted by the complaint's attached exhibits. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998). Furthermore, the court is not required to accept as true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987)). The court may consider matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)). "[T]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *Sprewell*, 266 F.3d at 988.

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**IV.   Analysis**

Defendant advances three arguments in favor of dismissal of plaintiff's request for injunctive relief: (1) that the claim is barred because it is encompassed by the pending class

action *Plata v. Schwarzenegger*, No. C-01-1351 TCH (N.D. Cal. 2001); (2) that defendant lacks authority to provide the relief requested; and (3) that plaintiff cannot demonstrate that he faces an imminent threat of injury from defendant.

Defendant argues that plaintiff's request for injunctive relief "fall[s] directly" within the *Plata* action.[1]  *Plata* is a class action in which the class is comprised of California state prisoners with serious medical needs. Stip. ¶ 1. Plaintiff argues that he is not a member of the *Plata* class and that his case has nothing to do with *Plata*. However, plaintiff's allegations that he is an HDSP inmate with serious medical needs place him within the *Plata* class. Dckt. No. 21 at 2 (plaintiff is and was at all relevant times an inmate at HDSP), 8 (plaintiff has degenerative disc disease, a "serious debilitating medical problem").

Under the *Plata* Stipulation, the California Department of Corrections and Rehabilitation ("CDC") must implement policies and procedures designed to provide class members with the minimum level of medical care required by the Eighth Amendment. Stip. ¶ 4. The Stipulation states, "The parties have reached agreement on procedures that the parties will follow in this case for resolving disputes concerning the constitutional adequacy of medical services." Stip. ¶ 3. With respect to individual healthcare complaints, the Stipulation provides:

> [A]ll complaints regarding medical care to an individual inmate, except those requiring urgent medical care, shall be submitted to defendants [state corrections officials] after utilizing the inmate grievance procedure. If after the appeal has reached the third director's level of review and all administrative relief has been exhausted, or the CDC has not responded to the inmate's appeal within 30 days at the Director's level of review and plaintiffs contend that the grievance process has failed to adequately address the problem, plaintiffs may bring the medical care concern to the attention of defense counsel, who shall respond in writing within 30 days. Plaintiffs' counsel may also contact the Chief Medical Officers at the institutions to inquire about the care furnished to particular inmates on a monthly basis.

---

[1] The court grants defendant's request for judicial notice of the Stipulation for Injunctive Relief entered on June 13, 2002 in the *Plata* action (Docket No. 24-3, hereinafter "Stipulation" or "Stip.") and the Order Appointing Receiver entered on February 14, 2006 (Docket No. 24-4). Fed. R. Evid. 201(b); *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (stating that a court may take judicial notice of court records in another case).

*Id.* ¶ 7. The Stipulation further provides:

> If plaintiffs believe that defendants are not complying with some or all of the Stipulation, or any of the acts required by the Policies and Procedures produced pursuant to Stipulation [sic], they shall notify defendants of the perceived problems. Defendants shall investigate the allegations and respond within 30 calendar days. If plaintiffs are not satisfied with defendants' response, the parties shall conduct negotiations to resolve the issue.

*Id.* ¶ 30.

In *Crawford v. Bell*, the Ninth Circuit held that a plaintiff who is a member of a pending class action for equitable relief concerning prison conditions may not maintain a separate, individual suit for relief that is also sought by the class, but may pursue equitable relief that "goes beyond" or is "not covered" by the class action. 599 F.2d 890, 892-93 (9th Cir. 1979); *accord Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir.1988) (en banc) (adopting a rule "similar to that of the Sixth and Eighth Circuits," precluding individual lawsuits for equitable relief by class action members, averring that such actions "would interfere with the orderly administration of the class action and risk inconsistent adjudications"); *McNeil v. Guthrie*, 945 F.2d 1163, 1165-1166 (10th Cir.1991) (precluding individual lawsuits for injunctive relief alleging unconstitutional prison conditions when there is an existing class action).[2] The court provided three reasons for the rule adopted in *Crawford*: (1) injunctive relief in the individual action would "possibly conflict with, and at least would circumscribe the flexibility of, any relief determination" in the class action; (2) there is no reason to believe the individual plaintiff's issue will not be "fully and vigorously" litigated by the class representatives in the class action; and (3) "increasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties." 599 F.2d at 982-93.

---

[2] Individual damages suits are not barred by a pending class action for injunctive relief, and plaintiff's damages claims are not at issue in the instant motion. *Hiser v. Franklin*, 94 F.3d 1287, 1291 (9th Cir. 1996).

District courts in California are split on whether an injunctive relief claim requesting medical treatment specific to the individual plaintiff is barred under the *Crawford* rule during the pendency of *Plata* or whether such an injunction falls outside the scope of *Plata*. *See Jaspar v. Khoury*, No. 2:06-cv-1177 GEB KJN P, 2011 U.S. Dist. LEXIS 63790, at *8-13 (E.D. Cal. June 16, 2011) (discussing diverging cases). Some courts have found all injunctive relief claims concerning medical treatment barred, others conclude that only injunctive relief claims seeking broad, systemic changes to the California prison medical care system are barred. *Id.* & cases cited therein.

Having reviewed the *Plata* Stipulation, the undersigned concludes that plaintiff's request for "proper medical diagnostic testing and treatment" falls within the scope of *Plata*. While that action's broad goals may be systemic reform of the provision of medical services to California inmates, the Stipulation specifically addresses and includes a mechanism for individual inmates to address perceived constitutional deficiencies in their medical care. Inmates with such complaints must go through the ordinary appeals process, may seek relief from defense counsel, and, if those processes fail, must pursue negotiation and mediation. Stip. ¶¶ 7, 30. All three reasons for applying the *Crawford* rule are present here: (1) an injunction in this case requiring medical diagnostic testing and treatment would circumvent the process negotiated by the parties in *Plata* for addressing individual healthcare complaints and would possibly conflict with the manner in which plaintiff's complaint would be resolved by that process; (2) plaintiff has provided no reason to believe that the process provided by the *Plata* Stipulation is insufficient to address his claim that he needs "proper medical diagnostic testing and treatment"; and (3) this court's resources continue to be tested. Plaintiff has made no argument that he currently requires "urgent medical care" such that his injunctive relief request falls outside of the Stipulation. Stip. ¶ 7. Instead, the complaint alleges that plaintiff suffers chronic pain from Degenerative Disc Disease. Dckt. No. 21 at 8. Because plaintiff is a member of the *Plata* class and the parties in *Plata* have agreed on a specific method for addressing plaintiff's claim that he requires specific

medical treatment and testing, plaintiff must seek that treatment and testing through the *Plata* mechanism rather than this action.  Accordingly, the undersigned recommends that the court dismiss plaintiff's claim for injunctive relief as barred during the pendency of *Plata* and does not address defendant's additional arguments in favor of dismissing the injunctive relief claim at this time.

## V. Order and Recommendation

For all of the above reasons, the court ORDERS that defendant's September 6, 2011 request for judicial notice (Docket No. 24-2) is granted.

The undersigned further RECOMMENDS that:

1. The September 6, 2011 motion to dismiss filed by defendant Miranda (Docket No. 24) be granted; and

2. The March 29, 2012 motion to strike filed by defendant Miranda (Docket No. 41) be granted, and plaintiff's March 21, 2012 surreply to the motion to dismiss (Docket No. 38) be stricken.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 28, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE