1

2

3

4

5

6

7

8                             IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSE B. ORTIZ,

11             Plaintiff,                        No. 2:10-cv-1380 MCE EFB P

12        vs.

13   J. REYNOLDS, et al.,

14             Defendants.                       FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  The sole remaining defendant, R. Miranda, moves for summary judgment.  Dckt.

18   No. 51.  Also pending is defendant's motion to strike two declarations plaintiff has submitted in

19   opposition to the summary judgment motion.  Dckt. No. 60.  For the reasons explained below,

20   the undersigned recommends that the motion to strike be granted and the motion for summary

21   judgment granted in part.

22   **I.      The Complaint**

23        This action proceeds on the amended complaint filed on May 16, 2011.  Dckt. No. 21.

24   That complaint asserts that defendant denied plaintiff adequate medical care in a variety of ways.

25   ////

26   ////

1

1   *Id.* at 3-9.[1]  Plaintiff alleges that defendant is a physician's assistant who is responsible for all

2   inmate medical care at High Desert State Prison ("HDSP") Facility B, where plaintiff is housed.

3   *Id.* at 2.  He says that in the spring of 2008, he was issued a counseling chrono for failing to take

4   medication as directed.  *Id.* at 3, 25.  (Plaintiff suffers from degenerative disc disease and

5   received medication to treat the associated pain.  *Id.* at 8.)  Plaintiff appealed the chrono, arguing

6   that he could not have committed the infraction because he was on "orientation status" at the

7   time.  *Id.* at 3.  Defendant interviewed plaintiff in connection with the appeal in September 25,

8   2008.  *Id.* at 4.  According to the complaint, defendant presented plaintiff with an Opioid

9   Analgesic Treatment Contract and asked plaintiff to sign it, admonishing that "it was the only

10   way plaintiff could continue to receive his pain medication."  *Id.* at 4, 21.  Plaintiff was

11   dissatisfied that neither defendant nor any of the other appeals reviewers removed the chrono

12   from his file.  *Id.* at 4-5.

13       In the meantime, plaintiff was informed by a nurse that he had had an appointment

14   scheduled for August 28, 2008, but, according to plaintiff, "it never happened."  *Id.* at 5.  On

15   September 7, 2008, another nurse told him that the appointment had been rescheduled.  *Id.*  On

16   September 14, 2008, plaintiff submitted a second appeal, arguing that he had submitted several

17   healthcare request forms but had not yet seen a doctor.  *Id.* at 5 & Ex. B.  In response, an appeal

18   reviewer noted that plaintiff had seen defendant on September 25, 2008 and did not have any

19   scheduled appointments.  *Id.*  The reviewer noted that, at the appointment, plaintiff "stated [he]

20   understood the treatment plan and [was] satisfied."  *Id.* at 28.  Plaintiff states that the September

21   25th appointment regarded the earlier appeal and did not address the medical issue for which he

22   currently sought an appointment.  *Id.* at 6.  Plaintiff contends that defendant erroneously reported

23   that plaintiff was "satisfied" at the September 25th appointment, and this erroneous information

24   prevented plaintiff from being scheduled for another appointment.  *Id.*

25

26       [1] Page numbers cited herein refer to those assigned by the court's electronic docketing
system and not those assigned by the parties.

1    On December 1, 2009, defendant presented plaintiff with a new "Pain Management and

2  Controlled Substance Treatment Agreement." *Id.* at 7.  Defendant told plaintiff that if he did not

3  sign the new agreement, he would arrange to discontinue plaintiff's medication completely.  *Id.*

4  at 8.  In response to plaintiff's request for an increase in his pain medication dosage, defendant

5  allegedly stated, "if you would let all the appeals go and not push the issues, I could be more

6  flexible in terms of your treatment options."  *Id.*  Plaintiff signed the agreement.  *Id.*

7    Plaintiff received a renewed Gabapentin prescription on February 10, 2010.  *Id.*  He

8  received his Gabapentin the following day, but on February 12, 2010, plaintiff was told that the

9  drug "had ran out."  *Id.*  It is not clear from the complaint whether plaintiff received Gabapentin

10  between February 12, 2010 and March 18, 2010.  On the latter date, plaintiff saw defendant, who

11  informed him that "he was taking away [plaintiff's] medication regardless of the need for

12  chronic pain."  *Id.*

13    Plaintiff alleges broadly and without any further specificity that

14    Since September 25, 2008, to present, defendant, R. Miranda, have [sic] repeated
     interferred [sic] with, denied, or delayed performance of medical test [sic] and
15    treatment for plaintiff's medical condition.  Said medical test [sic] include, but are
     not limited to, being seen by a nuerologist [sic], having an MRI done, and other
16    examinations that could have been done by the defendant in the capacity of
     plaintiff's primary care provider (PCP), to properly address the condition and
17    afford plaintiff the proper medical attention that's supposed to be provided under
     the Eighth Amendment of the United States Constitution.

18

19  *Id.* at 8-9.  Plaintiff further alleges that, since September 25, 2008, defendant has subjected him

20  to "hostility and abuse in apparent retaliation for plaintiff's efforts to secure proper medical

21  attention, medical diagnosis, and/or treatment."  *Id.*  Plaintiff claims that defendant coerced him

22  into signing the treatment contracts, submitted a false statement that plaintiff was satisfied with

23  his treatment plan, and discontinued his medication to retaliate against him.  *Id.*

24    Under the heading "Claim for Relief," plaintiff alleges that the above-described conduct

25  subjected him to cruel and unusual punishment in violation of the Eighth Amendment.  *Id.* at 10-

26  11.

## II.     Motion to Strike

Plaintiff has filed two declarations of fellow inmates in support of his opposition to the motion for summary judgment. Dckt. No. 54 at 19-22. Each declarant attests to various ways in which defendant, in the opinion of the declarants, failed to provide them with adequate medical care. Neither declaration contains any information about the facts at issue in this case. Defendant moves to strike the declarations as lacking foundation, irrelevant, hearsay, and attempting to offer inadmissible propensity evidence concerning the medical examination of other inmates by defendant. Dckt. No. 60. To the extent the declarations attempt to offer medical opinions, the declarants are clearly not qualified to do so. Where the declarations provide lay testimony, that evidence is only marginally relevant under the broad relevancy standard of Federal Rule of Evidence 401 (if defendant has provided inadequate care to others it is more likely that he provided inadequate care to plaintiff), and it is made inadmissible by Rule 404(b), which prohibits the use of evidence of an act to prove a person's character to show that on a particular occasion the person acted in accordance with the character. Accordingly, the defendant's motion to strike the declarations must be granted and the court has not considered those declarations appearing at Docket No. 54, pages 19-22 in making these findings and recommendations.

## III.    Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a

1  jury.

2       The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims

3  or defenses.  *Celotex Cop. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Thus, the rule functions to

4  "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for

5  trial.'"  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)

6  (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).  Procedurally,

7  under summary judgment practice, the moving party bears the initial responsibility of presenting

8  the basis for its motion and identifying those portions of the record, together with affidavits, if

9  any, that it believes demonstrate the absence of a genuine issue of material fact.  *Celotex*, 477

10  U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).  If the moving

11  party meets its burden with a properly supported motion, the burden then shifts to the opposing

12  party to present specific facts that show there is a genuine issue for trial.  Fed. R. Civ. P. 56(e);

13  *Anderson.*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

14       A clear focus on where the burden of proof lies as to the factual issue in question is

15  crucial to summary judgment procedures.  Depending on which party bears that burden, the party

16  seeking summary judgment does not necessarily need to submit any evidence of its own.  When

17  the opposing party would have the burden of proof on a dispositive issue at trial, the moving

18  party need not produce evidence which negates the opponent's claim.  *See e.g., Lujan v. National*

19  *Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters

20  which demonstrate the absence of a genuine material factual issue.  *See Celotex*, 477 U.S. at 323-

21  24 (1986). ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive

22  issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings,

23  depositions, answers to interrogatories, and admissions on file.'").  Indeed, summary judgment

24  should be entered, after adequate time for discovery and upon motion, against a party who fails

25  to make a showing sufficient to establish the existence of an element essential to that party's

26  case, and on which that party will bear the burden of proof at trial.  *See id.* at 322.  In such a

1 circumstance, summary judgment must be granted, "so long as whatever is before the district

2 court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is

3 satisfied." *Id.* at 323.

4        To defeat summary judgment the opposing party must establish a genuine dispute as to a

5 material issue of fact.  This entails two requirements.  First, the dispute must be over a fact(s)

6 that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S.

7 at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing

8 law will properly preclude the entry of summary judgment.").  Whether a factual dispute is

9 material is determined by the substantive law applicable for the claim in question. *Id.*  If the

10 opposing party is unable to produce evidence sufficient to establish a required element of its

11 claim that party fails in opposing summary judgment.  "[A] complete failure of proof concerning

12 an essential element of the nonmoving party's case necessarily renders all other facts

13 immaterial." *Celotex*, 477 U.S. at 322.

14        Second, the dispute must be genuine.  In determining whether a factual dispute is genuine

15 the court must again focus on which party bears the burden of proof on the factual issue in

16 question.  Where the party opposing summary judgment would bear the burden of proof at trial

17 on the factual issue in dispute, that party must produce evidence sufficient to support its factual

18 claim.  Conclusory allegations, unsupported by evidence are insufficient to defeat the motion.

19 *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).  Rather, the opposing party must, by affidavit

20 or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue

21 for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076.  More significantly, to

22 demonstrate a genuine factual dispute the evidence relied on by the opposing party must be such

23 that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*,

24 477 U.S. at 248, 252.  Absent any such evidence there simply is no reason for trial.

25        The court does not determine witness credibility.  It believes the opposing party's

26 evidence, and draws inferences most favorably for the opposing party. *See id.* at 249, 255;

1   *Matsushita*, 475 U.S. at 587.  Inferences, however, are not drawn out of "thin air," and the

2   proponent must adduce evidence of a factual predicate from which to draw inferences.  *American*

3   *Int'l Group, Inc. v. American Int'l Bank*, 926 F.2d 829, 836 (9th Cir.1991) (Kozinski, J.,

4   dissenting) (citing *Celotex*, 477 U.S. at 322).  If reasonable minds could differ on material facts

5   at issue, summary judgment is inappropriate.  *See Warren v. City of Carlsbad*, 58 F.3d 439, 441

6   (9th Cir. 1995).  On the other hand,"[w]here the record taken as a whole could not lead a rational

7   trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  *Matsushita*,

8   475 U.S. at 587 (citation omitted).  If the evidence presented and any reasonable inferences that

9   might be drawn from it could not support a judgment in favor of the opposing party, there is no

10  genuine issue.  *Celotex.*, 477 U.S. at 323.  Thus, Rule 56 serves to screen cases lacking any

11  genuine dispute over an issue that is determinative of the outcome of the case.

12         Concurrent with the instant motion, defendant advised plaintiff of the requirements for

13  opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Dckt. No. 68;

14  *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir.

15  1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409

16  (9th Cir. 1988).

17  **IV.    Analysis**

18         The Eighth Amendment of the U.S. Constitution protects prisoners from inhumane

19  methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*,

20  465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a

21  conditions of confinement claim, and only those deprivations denying the minimal civilized

22  measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment

23  violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).

24         To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

25  plaintiff must establish that he had a serious medical need and that the defendant's response to

26  that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

1    *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

2    treat plaintiff's condition could result in further significant injury or the unnecessary and wanton

3    infliction of pain.  *Jett*, 439 F.3d at 1096.  An officer has been deliberately indifferent if he was

4    (a) subjectively aware of the serious medical need and (b) failed to adequately respond.  *Farmer*

5    *v. Brennan*, 511 U.S. 825, 828 (1994).

6           Neither a defendant's negligence nor a plaintiff's general disagreement with the

7    treatment he received suffices to establish deliberate indifference.  *Estelle*, 429 U.S. at 106;

8    *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996); *Hutchinson v. United States*, 838 F.2d

9    390, 394 (9th Cir. 1988).  Evidence that medical caregivers disagreed as to the need to pursue

10   one course of treatment over another is also insufficient, by itself, to establish deliberate

11   indifference.  *Jackson*, 90 F.3d at 332.  Rather, the plaintiff must show that the course chosen by

12   the defendant was medically unacceptable under the circumstances and that the defendant was

13   aware of the risk posed by the chosen course.  *Jackson*, 90 F.3d at 332; *Farmer*, 511 U.S. at 840.

14          Defendant argues that he should be granted summary judgment because there is no

15   admissible evidence that he was deliberately indifferent to plaintiff's serious medical needs.

16   According to defendant, the evidence shows that he responded to plaintiff's back pain during the

17   relevant time period by: (1) continuing to fill plaintiff's prescriptions for Gabapentin and other

18   pain medications, (2) conducting several physical examinations of plaintiff, and (3) scheduling

19   diagnostic tests, including x-rays and MRIs, as needed.  Defendant further argues that he never

20   threatened to terminate plaintiff's medications if he did not sign the treatment contracts.  Instead,

21   in September 2008, defendant asked plaintiff to sign the contract to ensure that plaintiff would

22   not engage in any future actions that would jeopardize his continued receipt of his medications.

23   And in December 2009, defendant claims that he simply informed plaintiff that, under applicable

24   policy, he did not have the discretion to refill plaintiff's Gabapentin prescription unless plaintiff

25   signed.  Lastly, defendant argues that, even if he did threaten to discontinue the medication if

26   plaintiff did not sign the contracts, he did not make good on those threats (because plaintiff

1   signed), and mere threats are not actionable.

2       Plaintiff's opposition is focused nearly entirely on defendant's argument that plaintiff's

3   injunctive relief claim is barred.  *See* Dckt. No. 54.  However, the court has granted defendant's

4   motion to dismiss that claim and that issue is no longer a part of this case.  Dckt. No. 57.

5   Plaintiff has additionally submitted a response to defendant's statement of undisputed facts that

6   is essentially an unverified declaration.  To the extent that the facts stated therein are based on

7   plaintiff's personal knowledge, his testimony on those subjects would be admissible at trial, and,

8   accordingly, the undersigned will consider them in determining the propriety of summary

9   judgment.  *See Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (concluding that, at the

10   summary judgment phase, a court may consider evidence that is inadmissible in form, so long as

11   its contents can be presented in admissible form at trial).[2]

12       Plaintiff argues that defendant *did* threaten to cancel his medication if he did not sign the

13   treatment contracts, that plaintiff's medication was subject to periodic stoppages (although, at

14   times, the stoppages may have been attributable to the pharmacy and not defendant), and that

15   defendant told plaintiff "he could be more flexible on Plaintiff's request to increase the dosage

16   [of pain medication] if Plaintiff would withdraw the 602 (Appeal)."  Dckt. No. 54 at 14-17.

17       While the parties dispute whether defendant threatened to discontinue plaintiff's

18   medications unless he signed the two treatment contracts, defendant is correct that, because it is

19   undisputed that he did not cancel the medications on either occasion, his threats do not amount to

20   a violation of the Eighth Amendment.  *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987); *Hardy v.*

21   *Andrada*, 690 F. Supp. 2d 1074, 1100 (C.D. Cal. 2009).  Accordingly, summary adjudication in

22

23       [2] Certain of plaintiff's assertions are not based on his personal knowledge, and the

24   undersigned has accordingly disregarded them.  *See* Dckt No. 54 at 2, ¶ 13 ("R. Miranda had absolute authority and a duty to correct the mistake [in regard to the counseling chrono], especially after the Plaintiff demonstrated to R. Miranda that it was a mistake."), ¶ 15 ("R.

25   Miranda was known for his terrible bedside manner and would've never forewarned an inmate about the possibility of losing his medication."), ¶ 28 ("The Defendant was openly and

26   deliberately indifferent to most of the inmates housed on Facility-B, HDSP").

1  favor of defendant is warranted on plaintiff's claims that he was forced to sign the treatment

2  contracts under duress in violation of the Eighth Amendment.

3         Defendant has not addressed several of plaintiff's allegations, however, which prevents

4  the undersigned from recommending full summary judgment.  First, defendant has not addressed

5  plaintiff's claim that defendant prepared a false record stating that plaintiff was satisfied with his

6  treatment plan on September 25, 2008, which prevented plaintiff from obtaining a necessary

7  appointment in violation of the Eighth Amendment.  Additionally, defendant has not addressed

8  plaintiff's allegations that defendant made the threats to discontinue plaintiff's medications in

9  retaliation for plaintiff's medical appeals and further attempted to coerce plaintiff into dropping

10  the appeals in exchange for a higher dosage of pain medication.[3]  Lastly, defendant has not

11  addressed plaintiff's allegation that defendant discontinued his pain medication on March 18,

12  2010 despite plaintiff's need for it, either in violation of the Eighth Amendment or in retaliation

13  for plaintiff's medical appeals.[4]  While the complaint's "Claim for Relief" refers solely to the

14  Eighth Amendment, the allegations clearly indicate plaintiff's belief that defendant's alleged

15  misconduct was unlawfully retaliatory.  Accordingly, the undersigned recommends that the

16  motion for summary judgment be granted in part, as to plaintiff's claims that defendant

17  threatened to discontinue his pain medication on September 25, 2008 and December 1, 2009 in

18  violation of the Eighth Amendment, and otherwise denied, and that defendant be granted leave to

19  file a second motion for summary judgment addressing the remaining allegations within 30 days

20  of the date of any order adopting these recommendations.

21  /////

22

23      [3] The latter allegation suggests an attempt to assert a First Amendment retaliation claim
    which defendant has not addressed.

24

25      [4] The evidence submitted by defendant reveals that he discontinued plaintiff's
    Gabapentin prescription on March 18, 2010, stating that plaintiff's pain was not neuropathic, but
26      noted later the same year that plaintiff suffered from "left leg neuropathy."  Dckt. No.  51-3,
    Decl. of Miranda ISO Def.'s Mot. for Summ. J., Exs. U & X.

1   **V.      Recommendation**

2          For all of the above reasons, the undersigned RECOMMENDS that:

3          1.  Defendant's September 26, 2012 motion to strike (Dckt. No. 60) be granted.

4          2.  Defendant's August 3, 2012 motion for summary judgment (Dckt. No. 51) be granted

5   in part, as to plaintiff's claims that defendant threatened to discontinue his pain medication on

6   September 25, 2008 and December 1, 2009 in violation of the Eighth Amendment, and otherwise

7   denied.

8          3.  Defendant be granted leave to file a second motion for summary judgment within 30

9   days of the date of any order adopting these findings and recommendations addressing the

10  remaining allegations identified herein.

11         These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

16  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

17  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18  Dated:  January 22, 2013.

19  _____

20                EDMUND F. BRENNAN
                  UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26