IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE B. ORTIZ,

        Plaintiff,                    No. 2:10-cv-1380 MCE EFB P

    vs.

J. REYNOLDS, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

                          /

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff filed on April 29, 2013 a document captioned "Addendum to Plaintiff's Summary Judgment/Injunctive Relief." Dckt. No. 71. He requests in that document that he be granted interim injunctive relief in the form of an order prohibiting prison doctors from discontinuing or altering her pain medication. For the reasons that follow, the undersigned recommends that the motion be denied.

**I.    Background**

       This action proceeds on the amended complaint filed on May 16, 2011. Dckt. No. 21. In the amended complaint, plaintiff asserts that defendant Miranda denied him adequate medical care in a variety of ways while plaintiff was housed at High Desert State Prison ("HDSP"). *Id.* at 3-11.

1

## II. Motion for Injunction

Plaintiff states in his filing that he is "having problems with Dr. W. Ulit," who has refused to refill a necessary morphine prescription since April 21, 2013. Dckt. No. 71 at 1-2. Plaintiff complains that it is a "common approach" for prison medical staff to discontinue medications of inmates upon transfer to a new institution. *Id.* at 2. Plaintiff was transferred to California State Prison, Corcoran ("CSP-Corcoran") earlier this year. Dckt. No. 65. Although plaintiff's motion is not clear on this point, Dr. Ulit is apparently a medical care provider at CSP-Corcoran. Plaintiff asks the court to issue an order prohibiting prison doctors from discontinuing or overlooking his medication or refusing to refill it. Dckt. No. 71 at 2.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.,* 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that a stronger showing of one element may offset a weaker showing of another—survives *Winter* and continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010). "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* In cases brought by

2

1 prisoners involving conditions of confinement, any preliminary injunction "must be narrowly
2 drawn, extend no further than necessary to correct the harm the court finds requires preliminary
3 relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).
4     Here, the injunction must be denied for the simple fact that it challenges conduct that is
5 not a subject of this action and took place long after this action was filed. Plaintiff's motion for
6 preliminary injunction does not show serious questions going to the merits of this action because
7 it relates solely to entirely different events. Dr. Ulit is not a party to the instant action, which
8 was initiated in 2010, prior to plaintiff's transfer to his current prison and consequent treatment
9 by Dr. Ulit. Thus, the allegations contained in the motion for preliminary injunction are properly
10 the subject of another lawsuit and cannot be cannot be adjudicated in this action, where they
11 cannot be properly exhausted through the administrative appeals process and where the parties
12 whom plaintiff seeks to enjoin are not before the court. *See McKinney v. Carey*, 311 F.3d 1198,
13 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th
14 Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or
15 supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist.
16 LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011). To challenge the actions raised in the
17 motion for injunction, plaintiff must follow the proper prison administrative channels and, if he
18 does not obtain relief there, file a separate civil rights action. Accordingly, plaintiff's motion for
19 preliminary injunctive relief must be denied.

20 **III.    Recommendation**

21     For all of the above reasons, it is RECOMMENDED that plaintiff's April 29, 2013
22 motion for injunction (Dckt. No. 71) be denied.

23     These findings and recommendations are submitted to the United States District Judge
24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
25 after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties. Such a document should be captioned

3

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 14, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4