1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSE B. ORTIZ,

11            Plaintiff,                     No. 2:10-cv-1380 MCE EFB P

12        vs.

13   J. REYNOLDS, et al.,

14            Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

17   U.S.C. § 1983.  Plaintiff filed on April 29, 2013 a document captioned "Addendum to Plaintiff's

18   Summary Judgment/Injunctive Relief."  Dckt. No. 71.  He requests in that document that he be

19   granted interim injunctive relief in the form of an order prohibiting prison doctors from

20   discontinuing or altering her pain medication.  For the reasons that follow, the undersigned

21   recommends that the motion be denied.

22   **I.      Background**

23        This action proceeds on the amended complaint filed on May 16, 2011.  Dckt. No. 21.  In

24   the amended complaint, plaintiff asserts that defendant Miranda denied him adequate medical

25   care in a variety of ways while plaintiff was housed at High Desert State Prison ("HDSP").  *Id.* at

26   3-11.

1

1  **II.     Motion for Injunction**

2          Plaintiff states in his filing that he is "having problems with Dr. W. Ulit," who has

3  refused to refill a necessary morphine prescription since April 21, 2013.  Dckt. No. 71 at 1-2.

4  Plaintiff complains that it is a "common approach" for prison medical staff to discontinue

5  medications of inmates upon transfer to a new institution.  *Id.* at 2.  Plaintiff was transferred to

6  California State Prison, Corcoran ("CSP-Corcoran") earlier this year.  Dckt. No. 65.  Although

7  plaintiff's motion is not clear on this point, Dr. Ulit is apparently a medical care provider at CSP-

8  Corcoran.  Plaintiff asks the court to issue an order prohibiting prison doctors from discontinuing

9  or overlooking his medication or refusing to refill it.  Dckt. No. 71 at 2.

10         A preliminary injunction will not issue unless necessary to prevent threatened injury that

11 would impair the courts ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

12 *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

13 F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching

14 power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter,*

15 *Inc.,* 326 F.2d 141, 143 (9th Cir. 1964).  In order to be entitled to preliminary injunctive relief, a

16 party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer

17 irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor,

18 and that an injunction is in the public interest."  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127

19 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172

20 L. Ed. 2d 249 (2008)).  The Ninth Circuit has also held that the "sliding scale" approach it

21 applies to preliminary injunctions—that is, balancing the elements of the preliminary injunction

22 test, so that a stronger showing of one element may offset a weaker showing of

23 another—survives *Winter* and continues to be valid*.  Alliance for Wild Rockies v. Cottrell*, 622

24 F.3d 1045, 1050 (9th Cir. 2010).  "In other words, 'serious questions going to the merits,' and a

25 hardship balance that tips sharply toward the plaintiff can support issuance of an injunction,

26 assuming the other two elements of the *Winter* test are also met."  *Id.*  In cases brought by

1   prisoners involving conditions of confinement, any preliminary injunction "must be narrowly

2   drawn, extend no further than necessary to correct the harm the court finds requires preliminary

3   relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

4        Here, the injunction must be denied for the simple fact that it challenges conduct that is

5   not a subject of this action and took place long after this action was filed.  Plaintiff's motion for

6   preliminary injunction does not show serious questions going to the merits of this action because

7   it relates solely to entirely different events.  Dr. Ulit is not a party to the instant action, which

8   was initiated in 2010, prior to plaintiff's transfer to his current prison and consequent treatment

9   by Dr. Ulit.  Thus, the allegations contained in the motion for preliminary injunction are properly

10  the subject of another lawsuit and cannot be cannot be adjudicated in this action, where they

11  cannot be properly exhausted through the administrative appeals process and where the parties

12  whom plaintiff seeks to enjoin are not before the court.  *See McKinney v. Carey*, 311 F.3d 1198,

13  1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th

14  Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or

15  supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist.

16  LEXIS 13730, at *11-15 (E.D. Cal. Feb. 11, 2011).  To challenge the actions raised in the

17  motion for injunction, plaintiff must follow the proper prison administrative channels and, if he

18  does not obtain relief there, file a separate civil rights action.  Accordingly, plaintiff's motion for

19  preliminary injunctive relief must be denied.

20  **III.    Recommendation**

21       For all of the above reasons, it is RECOMMENDED that plaintiff's April 29, 2013

22  motion for injunction (Dckt. No. 71) be denied.

23       These findings and recommendations are submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25  after being served with these findings and recommendations, any party may file written

26  objections with the court and serve a copy on all parties.  Such a document should be captioned

3

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4  Dated:  May 14, 2013.

5  _____

   EDMUND F. BRENNAN

6  UNITED STATES MAGISTRATE JUDGE