UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE B. ORTIZ,<br><br>  Plaintiff,<br><br>  v.<br><br>J. REYNOLDS, et al.,<br><br>  Defendants. | No.  2:10-cv-1380-MCE-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  He has filed an application for an order granting him an additional 90 days to prepare and file his pretrial statement.  He has also filed a motion for a preliminary injunction.  ECF Nos. 103, 109.  Plaintiff claims that he has been deprived of his legal materials, which he needs to prepare the pretrial statement.  The court requested defense counsel to inquire into the status of plaintiff's access to his legal materials.  ECF No. 107.  As discussed below, the court has received counsel's response.  ECF No. 108.  For the reasons that follow, plaintiff's request for additional time is granted, but it is recommended that the motion for injunctive relief be denied.

**I.  Motion for Extension of Time**

Defense counsel learned from the Corcoran State Prison litigation coordinator that plaintiff has some, but not all, of his legal materials and that one box of those materials may have been lost.  ECF No. 108-1 (Decl. of Elliott T. Seals) ¶ 3.  Defense counsel spoke to plaintiff, who

1

confirmed that he is missing one box of legal materials that contains documents which he says he needs for this case. *Id.* ¶ 4. Plaintiff was vague as to what documents he needed out of the missing box, but did say he needed the court order giving instructions for preparing the pretrial statement and some of his medical records. *Id.* Defense counsel sent the order to plaintiff, along with relevant portions of the Local Rules. *Id.* ¶ 5. Defense counsel also provided copies of defendants' first and second motions for summary judgment, the associated findings and recommendations, and a letter telling plaintiff he could get copies of the medical records he needs by submitting a certain form to correctional authorities. *Id.* ¶¶ 5-6. Defense counsel does not oppose the motion for extension of time, but asks that, should plaintiff fail to file his pretrial statement within the extended period, the action be dismissed with prejudice.

Because correctional personnel have lost some of plaintiff's material relating to this case, the court will grant the requested extension of time. The court admonishes plaintiff to act diligently in that period to prepare his pretrial statement. Should plaintiff fail to file his pretrial statement when due, the court may impose sanctions, including dismissal of this case. Fed. R. Civ. P. 16(f).

**II.      Motion for Preliminary Injunction**

Plaintiff requests an injunction. ECF No. 109. According to plaintiff, he has been the subject of retaliation and harassment. He discusses the elements of retaliation and deliberate indifference causes of action and mentions a hand fracture. He does not explain how he sustained the fracture or how it relates to this case. He asks for a transfer to another prison and a copy of "all documents I filed with the court" and a copy of the rules of civil procedure.

A preliminary injunction will not issue unless necessary to prevent threatened injury that would impair the courts ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). In order to be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable

1 harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
2 injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir.
3 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d
4 249 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to
5 preliminary injunctions—that is, balancing the elements of the preliminary injunction test, so that
6 a stronger showing of one element may offset a weaker showing of another—survives Winter and
7 continues to be valid. *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1050 (9th Cir. 2010).
8 "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply
9 toward the plaintiff can support issuance of an injunction, assuming the other two elements of the
10 *Winter* test are also met." *Id*. In cases brought by prisoners involving conditions of confinement,
11 any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct
12 the harm the court finds requires preliminary relief, and be the least intrusive means necessary to
13 correct the harm." 18 U.S.C. § 3626(a)(2).

14    Plaintiff's motion does not establish these elements. Instead, it primarily addresses
15 conduct that is not a subject of this case and is thus unrelated to the merits of this case. Plaintiff's
16 vague allegations of harassment and oblique references to an attack by another inmate and a hand
17 fracture are not sufficient to establish that preliminary injunctive relief is necessary. While it
18 appears that some of plaintiff's legal documents have been lost, it does not appear that an
19 injunction would result in their reappearance. Rather, the court will grant plaintiff the additional
20 time he has requested to obtain copies of the documents he needs and to reconstitute any lost
21 research and will direct defense counsel to reserve discovery responses on plaintiff. If plaintiff
22 seeks additional copies from the docket, he must specifically identify them and tell the court why
23 he needs them; the court will not direct the clerk to copy tens of docket entries without any
24 indication of their necessity. If plaintiff believes that he has been the subject of retaliation, or has
25 suffered an attack by a fellow inmate due to correctional authorities' deliberate indifference, or
26 wishes financial compensation for his lost documents, he must litigate those issues in another case
27 after exhausting them administratively.
28 /////

**III.     Order and Recommendation**

Accordingly, it is hereby ORDERED that:

1. Plaintiff's September 15, 2014 motion for extension of time is granted, and plaintiff shall file his pretrial statement on or before Thursday, January 15, 2014.
2. Within 21 days of the date of this order, defense counsel shall reserve any discovery responses he has served on plaintiff in this action;
3. The Clerk of Court is directed to provide plaintiff with a copy of the docket in this action.

Further, it is RECOMMENDED that plaintiff's request for a preliminary injunction (ECF No. 109) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 7, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE