1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE B. ORTIZ,                              No.  2:10-cv-1380-MCE-EFB P

12              Plaintiff,

13        v.                                     ORDER

14   J. REYNOLDS, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  Trial was scheduled for November 14, 2016.  By separate order, that date is

19   vacated.  However, currently pending before the court are the remaining objection by defendant

20   Miranda to the pretrial order, and the motion to substitute an expert witness for trial.  ECF Nos.

21   125, 138.

22   **I.      Background**

23        Plaintiff has informed the court on several occasions that he does not have access to his

24   legal property and alleges that authorities are repeatedly transferring him in the run-up to trial to

25   hinder his ability to prepare his case.  ECF Nos. 136, 140.  The court has since confirmed that

26   plaintiff currently has access to his legal property.  ECF No. 144.  Due to prior transfers and lack

27   of access to his property, the court provided plaintiff with additional time to file objections to the

28   pretrial order, but plaintiff did not file objections within the time provided.  *Id.*  Accordingly, the

1

court now addresses defendant's remaining objection to the pretrial order and motion to substitute an expert witness for trial and allow the case to progress to trial.

## II.      Defendant's Remaining Objection to the Pretrial Order

Defendant timely filed objections to the pretrial order.  ECF No. 125.  All but one of those objections were addressed in the court's supplemental pretrial order.  *See* ECF No. 134 at 2.  The remaining objection, that the dates be changed from September 10, 2008 to September 25, 2008 in the recitation of Undisputed Facts 5 and 6 on page 2 of the pretrial order (ECF No. 121), is sustained.  The court has reviewed the evidence, which shows that the appointment between plaintiff and defendant occurred on September 25, 2008.  ECF No. 114 at 40.  Accordingly, the pretrial order is hereby amended to substitute "September 25, 2008" for "September 10, 2008" at page 2, lines 10 and 12 of the pretrial order.

## III.      Defendant's Motion to Substitute Expert Witness

Defendant requests to substitute Dr. Robert Chapnick, M.D., in place of Dr. Swingle. ECF No. 138.  According to defense counsel, Dr. Swingle, Chief Medical Executive of High Desert State Prison is no longer available.  Defense counsel represents that Dr. Swingle would have offered expert medical testimony at trial including, but not limited to: diagnosis of injury, treatment of injury, harm to plaintiff, pain and suffering suffered by plaintiff, potential causes of harm or claimed injuries, pre-existing injuries and treatment of plaintiff, ongoing injuries and treatment of plaintiff, and future limitations and prognosis of plaintiff as a result of his alleged injuries.  *Id.* at 2.  Dr. Swingle also would have offered testimony regarding the policies and procedures of health care staff at the prison and to rebut evidence plaintiff may present about his injuries.  *Id.*  Her testimony would have been based on a review of plaintiff's medical records.  *Id.* at 3.  However, defense counsel was informed in June 2016 that Dr. Swingle had taken a leave from work and has not been able to contact her since that time.  *Id.* at 2.

Defense counsel contacted the "Receiver's office" to inquire into a substitute for Dr. Swingle and was provided with Dr. Chapnick's name.  *Id.* at 3.  Dr. Chapnick is the Chief Medical Executive of Deuel Vocational Institution.  *Id.*  Defendant seeks to present him for the

/////

2

1  same substantive opinion testimony as Dr. Swingle would have provided.  *Id.*  The basis for Dr.

2  Chapnick's opinions will also be a review of plaintiff's medical records.  *Id.*

3       Plaintiff has submitted no opposition to defendant's motion to substitute Dr. Chapnick.

4       "In determining whether to allow a substitute expert, courts have frequently relied on

5  Federal Rule of Civil Procedure 16(b), and treated the request for a substitute expert as a de facto

6  attempt to alter the scheduling order and enlarge the discovery period."  *Lincoln Nat'l Life Ins.*

7  *Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:14-CV-396, 2010 U.S. Dist. LEXIS 103744, *5

8  (N.D. Ind. Sept. 30, 2010) (collecting cases); *see also In re Rail Freight Fuel Surcharge Antitrust*

9  *Litig.*, 75 F. Supp. 3d 94, 98 (D.D.C. 2014) (collecting cases).  Courts within this Circuit have

10  similarly applied that standard to motions to substitute experts.  *United States for the Use &*

11  *Benefit of Agate Steel, Inc. v. Jaynes Corp.*, No. 2:13-cv-01907-APG-NJK, 2015 U.S. Dist.

12  LEXIS 45379, *2-6 (D. Nev. Apr. 6, 2015); *Fujifilm Corporation v. Motorola Mobility LLC*, No.

13  12-cv-03587-WHO, 2014 U.S. Dist. LEXIS 162733, *4 (N.D. Cal. Nov. 19, 2014).

14       Rule 16(b)'s good cause standard primarily considers the diligence of the party seeking

15  the amendment.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

16  Although the existence of prejudice to the party opposing modification may also be considered,

17  "the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that

18  party was not diligent, the inquiry should end."  *Id.*

19       Defense counsel has shown diligence here.  Counsel has attempted to contact Dr. Swingle,

20  but she is on leave from work and apparently unavailable to testify at trial.  Plaintiff's decision

21  not to file an opposition brief militates against a finding that he would be prejudiced by the

22  substitution.  In addition, defense counsel's representation that Dr. Chapnick will offer an opinion

23  on the same issues as Dr. Swingle would have and will base his opinion on the same medical

24  records that Dr. Swingle reviewed limits any surprise to plaintiff from the substitution.  As

25  defense counsel has been diligent and the prejudice to plaintiff appears minimal, the court will

26  grant defendant's request to substitute Dr. Chapnick for Dr. Swingle.

27  /////

28  /////

**IV. Order**

Accordingly, it is HEREBY ORDERED that:

1.  Defendant's objection to the pretrial order requesting that the pretrial order (ECF No. 121) be amended to substitute "September 25, 2008" for "September 10, 2008" at page 2, lines 10 and 12 is sustained and the pretrial order is so amended.

2.  Defendant's motion to substitute Dr. Chapnick for Dr. Swingle (ECF No. 138) is granted.

DATED:  October 20, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4